**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MAX MITTMAN, BONNIE MITTMAN,
AND DAVID MITTMAN

                Plaintiffs,

v.

LIVINGSTON TOWNSHIP
BOARD OF EDUCATION,

                Defendant.

Civ. No. 09-4754 (DRD)

**O P I N I O N**

---

*Appearances by:*

HARRIET K. GORDON, Esq.
40 Meadowbrook Road
Randolph, NJ 07869

    *Attorney for Plaintiff,*

PARKER McCAY P.A.
by: Paul N. Barger, Esq.
1009 Lenox Drive
Building 4 East, Suite 102A
Lawrenceville, NJ 08648

    *Attorney for Defendant.*

**DEBEVOISE, Senior District Judge**

    This matter arises under the Individuals with Disabilities Education Act ("IDEA"), 20

U.S.C. §§ 1400-1491 (2006), and raises the issue of whether Livingston Township Board of

Education ("Defendant" or "Board") must reimburse B.M. and D.M. ("Plaintiffs") for unilaterally placing their son M.M. in an adolescent residential treatment center from June 2007 to March 2008.

Presently before this Court are Defendant's motion for summary judgment and Plaintiffs' cross-motion for summary judgment, based on rulings by Administrative Law Judge ("ALJ") Leslie Z. Celentano. On August 5, 2009, the ALJ denied as untimely Plaintiffs' reimbursement claim for M.M.'s unilateral placement. B.M. and D.M. o/b/o M.M. v. Livingston Twp. Bd. of Educ., EDS 05503-09, Final Decision, (August 5, 2009) <http://lawlibrary.rutgers.edu/oal/search.html>. This litigation and the parties' cross-motions for summary judgment followed. These motions raise the issue of whether the ALJ correctly determined that Plaintiffs' failure to comply with the procedural requirements of the IDEA barred them from reimbursement.

For the reasons set forth below, Defendant's motion for summary judgment will be granted and Plaintiffs' cross-motion for summary judgment will be denied.

## I. BACKGROUND

On October 8, 1999, the Child Study Team ("CST") evaluated M.M. and determined that he was eligible for special education services. The CST classified M.M. on November 18, 1999 as having a specific learning disability and subsequently developed an individualized education program ("IEP") for him. Additionally, the CST placed M.M. into a mainstream program with Resource Center for Reading and Language Arts.

On September 20, 2000, the CST reevaluated M.M. and, finding that his IEP was appropriate, applied the mainstream program to all of his classes. By the 2001-2002 academic

year, M.M. had shown tremendous progress in the mainstream setting, without any educational supports or accommodations.

On October 7, 2002, the CST determined that M.M. no longer needed special education services and thereby declassified him. During this time, Plaintiffs accepted this determination without dispute. However, at the beginning of the 2003-2004 school year, Plaintiffs requested a second evaluation of M.M. for classification purposes. After conducting educational, psychological, and social assessments, the CST determined that M.M. remained ineligible for special education services.

M.M. transferred to Livingston High School ("LHS") during the 2004-2005 school year and continued making academic progress, despite some disciplinary issues. At the close of the 2003-2004 academic year, M.M. was briefly admitted to High Focus Treatment Center ("High Focus"). He returned to LHS for the 2006-2007 school year but was readmitted to High Focus for six (6) days in September 2006. M.M. later returned to LHS and made sufficient academic progress.

On March 1, 2007, LHS suspended M.M. after he tested positive for marijuana. On March 8, 2007, M.M. was readmitted to High Focus. During this time, the Board communicated with both High Focus and Plaintiffs to ensure M.M. had the necessary coursework from LHS.

On March 26, 2007, Plaintiffs informed the Board that M.M. would return to LHS on April 9, 2007. According to Plaintiffs, M.M. would attend LHS during the day and High Focus during the evening.

Contrary to this notification, Plaintiffs unilaterally placed M.M. in the Outback Treatment Center ("Outback"), a wilderness camp located in Lehi, Utah, on March 29, 2007. Later that day, Plaintiffs informed the Board that M.M. would not be returning to LHS. However, the

3

Board received no advance notice of Plaintiffs' intent to place M.M. in a residential treatment program or to seek reimbursement for the same.

On or about April 10, 2007, Plaintiffs informed the Board they were considering boarding schools for M.M. to attend upon his completion of the Outback program. In making these decisions, Plaintiffs neither included the Board nor mentioned their intent to seek reimbursement from the Board for M.M.'s private placement.

In June 2007, M.M. completed his eight (8) week Outback program. Plaintiffs then immediately placed M.M. at Island View, an adolescent residential treatment center in Syracuse, Utah. Again, Plaintiffs did not inform the Board of their son's placement at Island View. M.M. completed his Island View program and subsequently received his high school diploma.

On February 18, 2009, Plaintiffs filed a due process petition with the Office of Administrative Law, seeking reimbursement from the Board for both the Outback and Island View programs. Prior to such filing, Plaintiffs had never notified the Board of M.M.'s placement in and completion of these programs or their intent to request reimbursement. Defendant moved for summary decision based upon Plaintiffs' failure to comply with procedural requirements for filing a reimbursement claim. Plaintiffs cross-moved for summary decision, alleging the Board failed to provide M.M. with a free and appropriate public education ("FAPE") in violation of the IDEA. The ALJ granted Defendant's motion for summary decision and denied Plaintiffs' cross-motion, based upon Plaintiffs' failure to meet the procedural criteria set forth in the IDEA, 20 U.S.C. § 1412, and this State's statutory counterpart, N.J.A.C. § 6A:14-2.10. <u>B.M. and D.M. o/b/o M.M. v. Livingston Twp. Bd. of Educ.</u>, EDS 05503-09, Final Decision, (August 5, 2009) <http://lawlibrary.rutgers.edu/oal/search.html>. Specifically, the

ALJ found: (1) Plaintiffs had failed to give proper notice before unilaterally placing M.M. in an out-of-district program; and (2) Plaintiffs' reimbursement claim was untimely.

On September 15, 2009, Plaintiffs filed the present action appealing the ALJ's decision. The Complaint alleges the Board failed to provide M.M. with a FAPE and wrongfully declassified M.M. as eligible for special education services. In addition, Plaintiffs seek reimbursement from the Board for M.M.'s placement at Island View from June 2007 to March 2008.[1] Defendant submitted an Answer on November 10, 2009. The parties subsequently filed their cross-motions for summary judgment.

In moving for summary judgment, Defendant seeks denial of Plaintiffs' reimbursement claim on grounds that: (1) Plaintiffs' request is time-barred; (2) Plaintiffs did not notify the Board before the unilateral placement; and (3) Plaintiffs removed M.M. from LHS for a non-educational purpose. In its cross-motion for summary judgment, Plaintiffs contend: (1) the Board violated the IDEA by failing to provide a FAPE to M.M. and classify him as requiring special education services; and (2) Plaintiffs are entitled to reimbursement for M.M.'s placement at Island View.

## II. DISCUSSION

**A. Standard of Review**

In reviewing an ALJ's decision under the IDEA, this Court is required to apply a "modified version of de novo review" to the factual findings of the ALJ. L.E. v. Ramsey Bd. of Educ., 435 F.3d 384, 389 (3d Cir. 2006). Under this standard, the district court "must make its own findings by a preponderance of evidence . . . and must also afford 'due weight' to the ALJ's determination." Shore Reg'l High Sch. Bd. of Educ. v. P.S., 381 F.3d 194, 198-99 (3d Cir.

---

[1] Unlike Plaintiffs' February 18, 2009 due process petition, the Complaint seeks reimbursement solely for M.M.'s placement at Island View.

2004) (quoting Bd. of Educ. of The Henrick Hudson Cent. Sch. Dist., Westchester County v. Rowley, 458 U.S. 176, 206 (1982)); see also 20 U.S.C. § 1415(i)(2)(C). This gives district courts "discretion to determine how much deference to accord the administrative proceedings, and although the district courts must consider the administrative findings of fact, [they are] free to accept or reject them." Carlisle Area Sch. Dist. v. Scott P., 62 F.3d 520, 527 (3d Cir. 1995) (quoting Jefferson County Bd. of Educ. v. Breen, 853 F.2d 853, 857 (11th Cir. 1988)). For legal determinations of the ALJ, the district court applies a de novo review. P.N. v. Greco, 282 F. Supp. 2d 221, 235 (D.N.J. 2003).

**B. Overview of IDEA**

Under the IDEA, a state receiving federal funding for special education programs must provide disabled children within that state a FAPE.[2] 20 U.S.C. § 1412(a)(1). School districts must provide a FAPE by developing a program of individualized instruction that is set forth in an IEP. Id. § 1414(d); S.H. v. State-Operated Sch. Dist., 336 F.3d 260, 264 (3d Cir. 2003). The IEP "must be reasonably calculated to enable the child to receive meaningful educational benefits in light of the student's intellectual potential." Shore Reg'l, 381 F.3d at 198. If a state does not provide an appropriate IEP, the parents may unilaterally place their child into a private school and then seek tuition reimbursement for such placement. 20 U.S.C. § 1412(a)(10)(C)(ii); Forest Grove Sch. Dist. v. T.A., 129 S. Ct. 2484, 2488 (2009) ("[W]hen a public school fails to provide a FAPE and a child's parents place the child in an appropriate private school without the school district's consent, a court may require the district to reimburse the parents for the cost of the private education.").

---

[2] FAPE is defined as: "special education and related services that-- (A) have been provided at public expense, under public supervision and direction, and without charge; (B) meet the standards of the State educational agency; (C) include an appropriate preschool, elementary school, or secondary school education in the State involved; and (D) are provided in conformity with [an] individualized education program . . . ." 20 U.S.C. § 1401(9).

**C. Plaintiffs' Reimbursement Claim is Time-Barred under IDEA's Statute of Limitations**

In December 2004, Congress amended the IDEA to include a two-year statute of limitations for the initiation of due process proceedings, effective July 1, 2005. 20 U.S.C. § 1415(f)(3)(C). Previously, the IDEA contained no explicit statute of limitations. The amendment provides:

> A parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for requesting such a hearing under this subchapter, in such time as the State law allows.

Id. However, this limitations period does not apply if the parent was prevented from requesting a due process hearing due to either:

> (i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or
> (ii) the local educational agency's withholding of information from the parent that was required under this part to be provided to the parent.

Id. § 1415(f)(3)(D).

New Jersey does not have a separate time limitation for IDEA claims. Therefore, the two-year statute of limitations applies to Plaintiffs' reimbursement claim unless one of the exceptions applies. In the present case, the Board made no misrepresentations that it had "resolved the problem forming the basis of the complaint." The CST declassified M.M. in October 2002, at which time Plaintiffs accepted this decision and took no action. When Plaintiffs requested another evaluation of M.M., the CST conducted one and confirmed that M.M. remained ineligible for special education services. In short, the Board had never misrepresented the fact of M.M.'s ineligibility.

Additionally, the Board withheld no information from Plaintiffs regarding their need to provide notice prior to removing M.M. from LHS. The ALJ found that "Plaintiffs were given notice of their rights in the form of a waiver each time M.M. was evaluated by the CST, [and] they were asked to sign the form indicating as such." B.M. and D.M. o/b/o M.M. v. Livingston Twp. Bd. of Educ., EDS 05503-09, Final Decision, (August 5, 2009) <http://lawlibrary.rutgers.edu/oal/search.html>. Therefore, Plaintiffs were aware of the notice requirement prior to M.M.'s unilateral placement at Island View.

Applying the two-year statute of limitations to the present case, Plaintiffs are barred from seeking reimbursement because their claim is untimely. Pursuant to the IDEA, Plaintiffs should have requested a due process hearing within two (2) years of the date they "knew or should have known about the alleged action that forms the basis of the complaint"—namely, within two (2) years of M.M.'s declassification by the CST on October 2002. Plaintiffs did not challenge this declassification, even after the CST reevaluated M.M. in 2003 and again determined he was ineligible for special education services. Indeed, Plaintiffs did not file any due process petition until February 18, 2009, nearly seven (7) years after they "knew or should have known about the alleged action that forms the basis of the complaint." Therefore, Plaintiffs' claim for reimbursement is untimely, and their cross-motion for summary judgment must be denied.[3]

It should also be noted that retroactive application of the statute of limitations is not a concern here, since Plaintiffs filed their complaint after July 1, 2005, the effective date of IDEA's statute of limitations. The Third Circuit has held that retroactivity does not bar the application of a changed statute of limitations to a complaint filed after the amendment. See

---

[3] In light of the procedural barriers facing Plaintiffs' claim for reimbursement, we need not address the merits of Plaintiffs' substantive claims that the Board violated the IDEA.

Steven I. v. Cent. Bucks Sch. Dist., No. 10-1179, 2010 WL 3239469, at *2 (3d Cir. Aug. 18, 2010) (emphasis added).

**D. Plaintiffs' Reimbursement Claim is Denied Due to Parents' Unreasonable Action**

In addition to barring IDEA claims instituted after the expiration of the limitations period, a court may reduce or deny tuition reimbursement "upon a judicial finding of unreasonableness with respect to actions taken by the parents." 20 U.S.C. § 1412(a)(10)(C)(iii)(III); see Forest Grove at 2496 (holding parents were unreasonable for "fail[ing] to give the school district adequate notice of their intent to enroll the child in private school").  The Third Circuit has held that a parent's filing of an untimely petition constitutes "unreasonable action."  Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 158 (3d Cir. 1994).  Parents who object to an IEP must begin review proceedings "within a reasonable time of the unilateral placement for which reimbursement is sought."  Id.  A "reasonable" timeframe may not be "more than one year, without mitigating excuse," since that would constitute "unreasonable delay."  Id.  Therefore, review proceedings initiated more than one year from the unilateral placement for which reimbursement is sought, without mitigating excuse, constitutes unreasonable delay.  Id.

Assuming arguendo that the IDEA's statute of limitations does not apply to the present case, Plaintiffs' claim for reimbursement is untimely even under Bernardsville.  Plaintiffs did not seek reimbursement until February 18, 2009, more than one year after M.M.'s unilateral placement at Island View in June 2007.  This constitutes both "unreasonable delay" and "unreasonable action" on the part of Plaintiffs.  Moreover, no mitigating factors excuse Plaintiffs from giving proper notice to the Board within one year.  Therefore, Plaintiffs' claim for reimbursement is time-barred, and their cross-motion for summary judgment must be denied.

## III.  CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted and Plaintiffs' cross-motion for summary judgment is denied.

The Court will enter an Order implementing this Opinion.


                                                **s/ Dickinson R. Debevoise**
                                                DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: October 7, 2010